UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| VORICE EARL WILLIAMS-BEY, <br><br> Plaintiff, <br><br> v. <br><br> POLICE DEPARTMENT OFFICERS and LAPORTE COUNTY JAIL, <br><br> Defendants. | CAUSE NO. 3:23-CV-408-JD-MGG |

ORDER

Vorice Earl Williams-Bey, a prisoner without a lawyer, was ordered to show cause why this case should not be dismissed as abandoned because the LaPorte County Sheriff's Office notified the court that he had been released on August 8, 2023, and Williams-Bey did not provide a current address. ECF 5. The Court acknowledged if he was not at the address on the docket, that order was unlikely to reach him. However, it was possible he would attempt to determine the status of this case by visiting the clerk's office (if he had been released from custody) or by checking the online docket, in which case this order would alert him that he needed to take action before the harsh sanction of dismissal was imposed. In addition, if the order was returned to the clerk as undeliverable, that would serve as further confirmation he did not provide his current address. Thus, the court believed the show cause order was appropriate notwithstanding the likelihood that it would not reach him. As it turned out, it did not reach him and was returned undeliverable. ECF 6.

"The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D. N.Y. 2006) (quotation marks and citation omitted). "[L]itigants, including prisoners, bear the burden of filing notice of a change of address . . .." *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quotation mark omitted).

For these reasons, this case is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED on September 21, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT